UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) |
| Defendant. | ) |

Cause No.:   14-1112

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Zurich American Insurance Company ("ZAIC"), as the successor in interest to Zurich Insurance Company, US Branch, for its Complaint against Defendant Insurance Company of North America, states:

### PARTIES, JURISDICTION, AND VENUE

1. ZAIC is a New York corporation with its principal place of business in Illinois.

2. Upon information and belief, Defendant Insurance Company of North American ("INA") is a foreign insurance corporation organized and existing under the laws of, and with its principal place of business in, the Commonwealth of Pennsylvania.

3. Complete diversity exists for the matter in controversy because the parties to this action are citizens of different states.

4.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because this action involves insurance coverage and liability for an amount in excess of $75,000, exclusive of interest and costs.

5.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

6.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is the subject of the action is situated, in this District because the insurance policies at issue were issued to and covered an insured, Anheuser-Busch Companies, LLC, f/k/a Anheuser-Busch, Incorporated ("A-B"), which was located, at all times relevant to this action, in St. Louis, Missouri.

7.     All necessary and proper parties are before the Court for the matters in controversy.

GENERAL ALLEGATIONS

8.     For the period between July 1, 1967, and July 1, 1972, ZAIC insured A-B under Policy No. 85-79-000, which provided, among other coverages, bodily injury liability coverage and excess liability coverage. For the period between July 1, 1972, and July 1, 1980, ZAIC insured A-B under Policy No. 87-13-500, which provided, among other coverages, bodily injury liability coverage and excess liability coverage. Copies of Policy Nos. 85-79-000 and 87-13-500 are attached hereto as Exhibits 1 and 2, respectively, and are hereinafter referred to collectively as the "ZAIC Policies."

2

9. Upon information and belief, during all or part of the time period between approximately 1971 and 2008, INA insured A-B under insurance policies providing, among other coverages, bodily injury liability coverage (the "INA Policies").

10. On or about November 3, 2008, Francis X. Cotter, Executor for the Estate of Elizabeth M. Tansey and Individual Heirs of the Estate of Elizabeth M. Tansey filed a lawsuit against A-B and others in the Superior Court of New Jersey, Law Division, in the matter of *Cotter, et al. v. Am. Insulation Corp., et al.*, Docket No. MID L 9211 08 (the "Underlying Lawsuit").  A copy of the plaintiffs' Complaint in the Underlying Lawsuit is attached hereto as Exhibit 3.

11. In the Underlying Lawsuit, the plaintiffs asserted that decedent Elizabeth M. Tansey's husband was exposed to asbestos between approximately 1971 and 1996, while working at A-B; decedent became exposed to the dust that permeated her husband's person and clothing; and, as a result, decedent contracted mesothelioma and subsequently died in 2008.

12. In the Underlying Lawsuit, the plaintiffs sought to recover damages from A-B in an amount in excess of $75,000, exclusive of interest and costs, which the plaintiffs allegedly sustained as a result of decedent's injuries and death.

13. In the Underlying Lawsuit, the plaintiffs alleged claims sounding in negligence, which were covered by the ZAIC Policies and the INA Policies.

14. Upon information and belief, all claims in the Underlying Lawsuit that were covered by the ZAIC Policies were also covered by the INA Policies.

15. A-B tendered the claims against A-B in the Underlying Lawsuit to ZAIC for defense and indemnity.  ZAIC, in turn, tendered the claims against A-B in the Underlying Lawsuit to INA to obtain INA's participation in the defense and indemnity of A-B.

16. To protect A-B's interests, ZAIC agreed to defend A-B in the Underlying Lawsuit, subject to a reservation of rights.  INA did not participate in A-B's defense.

17. To protect A-B's interests, ZAIC paid all of A-B's defense costs relating to the Underlying Lawsuit (the "Defense Costs").

18. On or about January 2014, the parties in the Underlying Lawsuit engaged in mediation and entered into a fair and reasonable settlement agreement under which the plaintiffs' agreed to release their claims against A-B in exchange for, amongst other consideration, payment of a confidential sum (the "Settlement Amount").

19. To protect A-B's interests, ZAIC paid the full Settlement Amount on A-B's behalf.

20. The plaintiffs in the Underlying Lawsuit subsequently dismissed their claims against A-B.

21. The ZAIC Policies contain the following provisions:

> 6.  OTHER INSURANCE
>     . . . .
>
>     WHEN BOTH THIS INSURANCE AND OTHER INSURANCE APPLY TO THE LOSS ON THE SAME BASIS, WHETHER PRIMARY, EXCESS OR CONTINGENT, ZURICH SHALL NOT BE LIABLE UNDER THIS POLICY FOR A GREATER PROPORTION OF THE LOSS THAN STATED IN THE APPLICABLE CONTRIBUTION PROVISION BELOW:

    (A)    CONTRIBUTION BY EQUAL SHARES.  IF ALL OF SUCH OTHER VALID AND COLLECTIBLE INSURANCE PROVIDES FOR CONTRIBUTION BY EQUAL SHARES, ZURICH SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF SUCH LOSS THAN WOULD BE PAYABLE IF EACH INSURER CONTRIBUTES AN EQUAL SHARE UNTIL THE SHARE OF EACH INSURER EQUALS THE LOWEST APPLICABLE LIMIT OF LIABILITY UNDER ANY ONE POLICY OR THE FULL AMOUNT OF LOSS IS PAID, AND WITH RESPECT TO ANY AMOUNT OF LOSS NOT SO PAID THE REMAINING INSURERS THEN CONTINUE TO CONTRIBUTE EQUAL SHARES OF THE REMAINING AMOUNT OF THE LOSS UNTIL EACH INSURER HAS PAID ITS LIMIT IN FULL OR THE FULL AMOUNT OF LOSS IS PAID.

    (B)    CONTRIBUTION BY LIMITS.  IF ANY OF SUCH OTHER INSURANCE DOES NOT PROVIDE FOR CONTRIBUTION BY EQUAL SHARES, ZURICH SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF SUCH LOSS THAN THE APPLICABLE LIMIT OF LIABILITY UNDER THIS POLICY FOR SUCH LOSS BEARS TO THE TOTAL APPLICABLE LIMIT OF LIABILITY OF ALL VALID AND COLLECTIBLE INSURANCE AGAINST SUCH LOSS.

7.    SUBROGATION

IN THE EVENT OF ANY PAYMENT UNDER THIS POLICY, ZURICH SHALL BE SUBROGATED TO ALL THE INSURED'S RIGHTS OF RECOVERY THEREFORE AGAINST ANY PERSON OR ORGANIZATION . . . .

    EXCESS LIABILITY ENDORSEMENT

. . . .

LIMIT OF LIABILITY

THE COMPANY SHALL ONLY BE LIABLE FOR THE ULTIMATE NET LOSS IN EXCESS OF EITHER

(1)    THE AMOUNT RECOVERABLE UNDER UNDERLYING INSURANCE AS SET OUT IN THE ATTACHED SCHEDULE

      OR

(2)    $100,000 ULTIMATE NET LOSS IN RESPECT OF EACH OCCURRENCE NOT COVERED BY SAID UNDERLYING INSURANCE.

. . . .

(I)    <u>OTHER INSURANCE</u> – IF OTHER VALID AND COLLECTIBLE INSURANCE WITH ANY OTHER INSURER IS AVAILABLE TO THE INSURED COVERING A LOSS ALSO COVERED BY THIS ENDORSEMENT, OTHER THAN INSURANCE THAT IS IN EXCESS OF THE INSURANCE AFFORDED BY THIS ENDORSEMENT, THE INSURANCE AFFORDED BY THIS ENDORSEMENT SHALL BE IN EXCESS OF AND SHALL NOT CONTRIBUTE WITH SUCH OTHER INSURANCE.  NOTHING HEREIN SHALL BE CONSTRUED TO MAKE THIS ENDORSEMENT SUBJECT TO THE TERMS, CONDITIONS AND LIMITATION OF OTHER INSURANCE.

(J)    <u>SUBROGATION</u> – INASMUCH AS THIS ENDORSEMENT IS "EXCESS COVERAGE" THE INSURED'S RIGHT OF RECOVERY AGAINST ANY PERSON OR OTHER ENTITY CANNOT BE EXCLUSIVELY SUBROGATED TO THE COMPANY.  IT IS, THEREFORE, UNDERSTOOD AND AGREED THAT IN CASE OF ANY PAYMENT HEREUNDER, THE COMPANY WILL ACT IN CONCERT WITH ALL OTHER INTERESTS (INCLUDING THE INSURED) CONCERNED, IN THE EXERCISE OF SUCH RIGHTS OF RECOVERY.  THE APPORTIONING OF ANY AMOUNTS WHICH MAY BE SO RECOVERED SHALL FOLLOW THE PRINCIPLE THAT ANY INTERESTS (INCLUDING THE INSURED) THAT SHALL HAVE PAID AN AMOUNT OVER AND ABOVE ANY PAYMENT HEREUNDER, SHALL FIRST BE REIMBURSED UP TO THE AMOUNT PAID BY THEM; THE COMPANY IS THEN TO BE REIMBURSED OUT OF ANY BALANCE THEN REMAINING UP TO THE AMOUNT PAID HEREUNDER; LASTLY, THE INTERESTS (INCLUDING THE INSURED) OF WHOM THIS COVERAGE IS EXCESS NECESSARY TO THE RECOVERY OF ANY SUCH AMOUNTS SHALL BE APPORTIONED BETWEEN THE INTERESTS (INCLUDING THE INSURED) CONCERNED, IN THE RATION OF THEIR RESPECTIVE RECOVERIES AS FINALLY SETTLED.

22. ZAIC has demanded that INA contribute to the Defense Costs and the Settlement Amount, but INA has refused to contribute any such amounts.

23. An actual and justiciable controversy exists between the parties concerning their respective rights and liabilities under the insurance policies at issue.

### COUNT I – EQUITABLE CONTRIBUTION

24. ZAIC incorporates the allegations in Paragraphs 1-23 as though fully set forth herein.

25. ZAIC and INA both provided coverage to the same insured for, at least in part, the same interest and the same risk because both insurers provided bodily injury liability coverage to A-B during the time period at issue in the Underlying Lawsuit.

26. Under the terms of their respective policies, ZAIC and INA had a duty to defend and indemnify A-B in the Underlying Lawsuit.

27. ZAIC discharged its obligations and INA's obligations due A-B by paying the full amount of the Defense Costs and the Settlement Amount.

28. Under the terms of their respective insurance policies, all or part of ZAIC's coverage is excess to all or part of the INA's coverage.

29. By paying the full amount of the Defense Costs and the Settlement Amount, ZAIC paid more than its share of the loss, which should be shared by both ZAIC and INA.

30. INA would be unjustly enriched if it were not required to contribute to the Defense Costs and the Settlement Amount.

7

31.     ZAIC has an equitable right to reimbursement from INA for INA's share of the Defense Costs and the Settlement Amounts.

WHEREFORE, Plaintiff Zurich American Insurance Company prays for a judgment against INA in an amount in excess of Seventy-Five Thousand Dollars ($75,000), plus costs, interest, and all such other and further relief as the Court deems just and proper.

### COUNT II – EQUITABLE SUBROGATION

32.     ZAIC incorporates the allegations in Paragraphs 1-31 as though fully set forth herein.

33.     INA owed a duty to defend and indemnify A-B in the Underlying Lawsuit and to attempt in good faith to settle the claims against A-B within its policy limits.

34.     INA breached these duties by refusing to participate in A-B's defense and contribute to the Defense Costs and the Settlement Amount.

35.     By paying all of the Defense Costs and the Settlement Amount, ZAIC became subrogated to A-B's right to recover INA's share of such amounts from INA.

36.     ZAIC has the right to recover all such amounts from INA under the INA Policies and in equity.

WHEREFORE, Plaintiff Zurich American Insurance Company prays for a judgment against INA in an amount in excess of Seventy-Five Thousand Dollars ($75,000), plus costs, interest, and all such other and further relief as the Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

37.     ZAIC incorporates the allegations in Paragraphs 1-36 as though fully set forth herein.

38.     INA received a benefit at ZAIC's expense when ZAIC paid all of the Defense Costs and the Settlement Amount, including all amounts INA owed to A-B under the INA Policies.

39.     INA has retained this benefit by refusing to contribute to the Defense Costs and the Settlement Amount.

40.     INA would be unjustly enriched if it were permitted to retain this benefit at ZAIC's expense.

41.     ZAIC has a right to restitution from INA of the amount of the benefit conferred on INA.

WHEREFORE, Plaintiff Zurich American Insurance Company prays for a judgment against INA in an amount in excess of Seventy-Five Thousand Dollars ($75,000), plus costs, interest, and all such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Russell F. Watters*
Russell F. Watters, #25758MO
rwatters@bjpc.com
T. Michael Ward, #32816MO
mward@bjpc.com
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400
(314) 421-3128 Facsimile

Attorneys for Plaintiff
Zurich American Insurance Company

#11766576