UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14 CV 1112 CDP |
| INSURANCE COMPANY OF NORTH AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER AND
THIRD AMENDED CASE MANAGEMENT ORDER**

Defendant Insurance Company of North America seeks the Court's leave to amend its answer, and to add a counterclaim against Plaintiff and a crossclaim against co-defendant Anheuser-Busch seeking declaratory relief. A-B has opposed this motion. Because I find that INA has not shown good cause for seeking this amendment after the deadlines imposed by the Court's scheduling order, I will deny the motion.

A-B had insurance policies with both ZAIC and INA[1] at various times from 1967 – 2008. In 2008, ZAIC represented A-B's interests in a lawsuit involving asbestos exposure. ZAIC reached a settlement on A-B's behalf with the plaintiff in

_____

[1] Pacific Employers Insurance Company, owned by the same parent company as INA, was eventually added to this suit. The amended complaint reads "policies with INA and/or PEIC…"

that case, and paid the full amount. ZAIC then brought this suit to recover a *pro rata* share of the settlement amount from INA for the relevant time periods when INA provided coverage.

## I.    **BACKGROUND**

Plaintiff ZAIC filed this case in district court on June 18, 2014. INA filed its answer on July 28, 2014. The Rule 16 scheduling conference was held on August 28, 2014. The case management order established a December 1, 2014 deadline for amending pleadings, a discovery deadline of February 5, 2015, and a dispositive motion deadline of April 27, 2015.   On November 26, 2014, plaintiff filed a consent motion requesting additional time to amend the pleadings or join additional parties. The Court granted the motion and extended the deadline until January 10, 2015. On January 9, 2015, plaintiff filed a motion to amend the complaint, adding A-B as a defendant,[2] which the court granted on February 21, 2015.[3]

On February 5, 2015, plaintiff filed a consent motion to suspend the current case management deadlines pending a ruling on plaintiff's motion to amend the complaint. Significantly, this motion stated, "It is anticipated that INA may file a

---

[2] In its answer to the original complaint, INA raised the affirmative defense that it did not have to pay because its share of the loss was equal to or less than A-B's deductible under the applicable policy. Thus, A-B was added as a co-defendant to the suit.
[3] ZAIC filed a revised amended complaint on February 21, 2015, that properly alleged the citizenship of A-B.

cross-claim against A-B in the event the Court grants ZAIC's Motion for Leave."
(Pl.'s Consent Mot. Suspend Deadlines, Doc. 26, at 1.)

INA answered the revised amended complaint on March 3, 2015. A-B filed its answer on March 23, 2015. A supplemental scheduling conference was held on April 22, 2015, and the first amended case management order was issued that same day. That order set a deadline of July 21, 2015 to join additional parties or amend the pleadings. The deadline for discovery was extended to November 20, 2015, and for dispositive motions to February 26, 2016.

On June 22, 2015, the court granted ZAIC's motion for leave to file a second amended complaint. A-B filed its answer and affirmative defenses on July 6, 2015, and INA filed its answer on the same day.

On November 5, 2015, the parties filed a joint motion, which the court granted, to extend the deadline for fact discovery to February 19, 2016. On December 7, 2015, ZAIC filed its motion for summary judgment. On January 25, 2016, the court entered a second amended case management order, pursuant to a joint motion from all of the parties requesting an extension of certain deadlines (but not including the date to join parties or amend the pleadings.)

On April 8, 2016, INA moved this court for leave to amend its answer to the second amended complaint. A-B now opposes that motion.

## II.    <u>DISCUSSION</u>

INA's motion implicates both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure.  Rule 15(a) governs amendments to pleadings, providing, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 16(b) guides pretrial scheduling orders, and provides that "the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A). Furthermore, "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The Eighth Circuit has clearly held that "Rule 16(b)'s good cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of 15(a)." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008)).  Because INA filed its motion to amend nearly nine months after the established scheduling deadline for amended pleadings, I must apply the Rule 16(b) good-cause standard in deciding the motion.  *Id.*

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Id.* (quoting *Rahn v. Hawkins,* 464 F.3d 813,

822 (8th Cir. 2006)). The record here indicates that INA did not act diligently in pursuing its motion to amend. The deadline for amending pleadings was July 21, 2015. INA is now seeking to assert a crossclaim against A-B for declaratory relief as to whether ZAIC can pursue recovery of certain deductible amounts from INA.

ZAIC, in its motion for summary judgment, argues that INA is responsible to ZAIC for a pro rata share of the settlement in the underlying asbestos case that includes any amount A-B may owe to INA as a deductible. INA argues that this is a new claim being raised for the first time. Even if this were true, INA waited another four months after the summary judgment motion was filed to move for leave to file an amended answer.[4] This delay alone is sufficient to find that INA was not diligent in attempting to meet the scheduling order deadline. But I find that INA did know, or should have known, about the potential crossclaim much earlier. As A-B pointed out in its response, the deductible issue has been part of this suit from the very beginning, in that it was the very reason A-B was added as a party. In fact, the February 5, 2015 motion, consented to by both ZAIC and INA, expressly anticipated that INA might file a crossclaim against A-B if it was joined as a party.

---

[4] INA asserts that it alerted ZAIC and A-B as to the proposed amendment and asked them to consent on January 28, 2016. The remainder of the time, according to INA, was spent waiting for a response from A-B. Even this earlier date was nearly two months after the summary judgment motion was filed.

INA contends that before the summary judgment motion, ZAIC had expressly acknowledged that INA was not responsible for any deductible amount. In support of this, INA points to the following paragraph in the Second Amended Complaint:

> "12. Upon information and belief, the obligation of INA and/or Pacific Employers to pay damages on A-B's behalf applies only to damages in excess of the deductible amounts stated in the declarations to the INA policies."

(Pl.'s Second Am. Compl., Doc. 56, at 4.) Although the statement does acknowledge that A-B is ultimately responsible for any deductible amount, it does not expressly (or implicitly) state that ZAIC cannot recover that amount from INA, leaving INA to recover the deductible from A-B.

Both the first and second amended complaints, dated February 21, 2015 and June 22, 2015 respectively, also contain the following paragraphs:

> "38. By paying all of the Defense Costs and the Settlement Amount, ZAIC became subrogated to A-B's right to recover INA's and Pacific Employers' share of such amounts from INA and Pacific Employers under the INA Policies. **Further, ZAIC is entitled to recover the deductible amounts due under the INA Policies.**

> 39. ZAIC has the right to recover all such amounts from INA and Pacific Employers under the INA Policies and in equity, **as well as the applicable deductible amounts due under the INA Policies.**"

(Pl.'s First Am. Compl., Doc. 29, at 10; Pl.'s Second Am. Compl., Doc. 56, at 10) (emphasis added). At the least, this language should have alerted INA that ZAIC would try to recover the full amount including any deductible

from INA, well before the July 21, 2015 deadline for amending the pleadings. Despite this language, INA did not assert its counterclaim and crossclaim in its answers to the first or second amended complaints.

I also note that on January 21, 2016, a joint motion by all of the parties was filed requesting extension of certain deadlines in the scheduling order, but no extension was requested for the amendment of pleadings. This motion came just one week before INA approached ZAIC and A-B about filing an amended answer, indicating that INA surely was aware of the potential crossclaim by this time and could have requested an extended deadline.

INA failed to assert its counterclaim and crossclaim before the scheduling order deadline despite multiple opportunities to do so, and failed to seek an extension of that deadline. Therefore, INA has failed to show it was diligent in attempting to meet the scheduling order requirements.

INA alleges that A-B will suffer no prejudice because the issues overlap with those raised in ZAIC's summary judgment motion, and because the motion is brought prior to certain depositions and the discovery deadline. Prejudice to the nonmoving party is also a factor in determining good cause, but it is secondary to the movant's diligence. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d at 717.

Because INA has not first shown diligence, I need not consider whether A-B would be prejudiced by allowing the amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend the complaint [#71] is denied.

**IT IS FURTHER ORDERED** that plaintiff's unopposed motion to amend the case management order and withdraw motion [#72] is granted. Plaintiff's motion for summary judgment [#62] is deemed withdrawn.

**IT IS FURTHER ORDERED** that the Case Management Order is amended as follows: all motions for summary judgment or to limit or exclude expert testimony must be filed no later than **May 14, 2016**. Any brief in opposition must be filed no later than **June 13, 2016**. Any reply brief must be filed no later than **July 3, 2016.**


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2016.