UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14 CV 1112 CDP |
| INSURANCE COMPANY OF NORTH AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In 2014, plaintiff Zurich American Insurance Company (ZAIC) settled an asbestos claim on behalf of its insured Anheuser-Busch, LLC (A-B). During the multi-year period of the claimant's alleged asbestos exposure, A-B was consecutively insured by ZAIC and by defendant Insurance Company of North America (INA). After ZAIC paid the full amount of the settlement, it brought this suit for equitable contribution, subrogation, and unjust enrichment against the other insurer, INA, and against its insured, A-B.

Both the ZAIC policies and the INA policies have "all sums" provisions and cover damage that "occurs during the policy period." The dispute over which insurer must pay arises because asbestos exposure occurred during the policy periods of both insurers. In ruling on summary judgment, I predicted that Missouri

courts considering the insurance contract provisions in this case would apply a "pro rata" loss allocation, based on each insurance company's "time on the loss." (November 15, 2016 Memorandum and Order, ECF No. 99). I granted summary judgment to INA because, when the losses were allocated over the various policy years, A-B's deductibles under the INA policies exceeded the amount of the loss that INA would otherwise have had to pay for those years. I denied summary judgment for A-B, reasoning that ZAIC should be able to seek contribution from A-B for those amounts ZAIC could have sought as equitable contribution from INA but for the deductibles. Had A-B target-tendered INA instead of ZAIC, of course, A-B would have been responsible for those deductibles. I then held a one-day bench trial to consider ZAIC's equitable claims against A-B.

A few weeks before the bench trial, the Missouri Court of Appeals decided a case involving consecutive insurers for "long-tail" asbestos claims similar to the case here. In *Nooter Corp. v. Allianz Underwriters Insurance Co.*, 536 S.W.3d 251 (Mo. Ct. App. 2017), *application for rehearing and/or transfer denied* (Jan. 23, 2018), the Court of Appeals applied an "all sums" method to allocate losses from asbestos claims among a number of insurers. The Court described the difference in allocation methods:

> The "all sums" approach allows the policyholder to select a policy among the range of years triggered by the "occurrence" at issue. Conversely, under the pro rata approach, damages are spread proportionately across the entire period during which the property damage takes place. … Under the "all

> sums" approach, the insurer may be able to recoup some or all of these funds from other insurers. … Accordingly, this method places the onus on the targeted insurer, rather than on the policyholder.

*Id.* at 264-65 (quotation marks and citations omitted).

I now conclude that *Nooter* requires application of the "all sums" approach to the policy disputes here, and thus my earlier summary judgment ruling was incorrect. A-B was entitled to target whichever policy it chose (a so-called "target tender"). Here A-B chose the ZAIC policy, and the onus is on ZAIC, as the targeted insurer, to seek any equitable remedies it believes are available from INA. ZAIC's liability to A-B is based on the targeted insurance contract, and ZAIC cannot obtain equitable remedies from its insured to avoid its obligations arising from that contract. Thus, A-B *was* entitled to summary judgment and INA *was not* entitled to summary judgment.

ZAIC now asks me to reconsider the summary judgment order, which INA obviously opposes. At the bench trial A-B argued, as it had in the summary judgment motion, that it was entitled to judgment as a matter of law under the "all sums" approach. Whether I reconsider summary judgment and grant summary judgment for A-B or rule for A-B based on the bench trial, the result as to these two parties is clear as a matter of law: A-B is entitled to judgment on ZAIC's claims for equitable relief against it. I will therefore enter judgment in favor of A-B on ZAIC's claims. And because the summary judgment in favor of INA was

interlocutory as well as incorrect, it is appropriate for me to reconsider and vacate that grant of summary judgment to INA. Given my ruling that "all sums" is the correct basis for allocation, the remaining insurer parties – ZAIC and INA – will be allowed to file further briefs on ZAIC's claim for equitable relief, as they have requested.

I. **Factual Background**[1]

In 2008, the estate of the wife of a former A-B employee filed a wrongful death suit against A-B.[2] The suit alleged that the decedent wife contracted mesothelioma as a result of her husband's exposure to asbestos during his employment as a mechanic with A-B, and her subsequent laundering of his work clothes. The period of alleged exposure occurred between the date of their marriage, July 30, 1971, and the date of the employee husband's retirement from A-B, July 31, 1996. A-B tendered defense of this suit to insurer ZAIC, who agreed to provide A-B with a defense subject to a reservation of rights. The parties settled during a 2014 mediation for $1.5 million – an amount all parties stipulate was reasonable. ZAIC paid the full amount of the settlement and defense costs.

A-B purchased Policy No. GA 85-79-000 from ZAIC for the period of July 1, 1967 to July 1, 1972 for personal injury liability and excess liability coverage, among other coverages. Subsequently, A-B purchased Policy No. GA 87-13-500

---

[1] These facts are uncontested.
[2] *Cotter v. Am. Insulation Corp.*, Docket No. MID L 9211 08 (N.J. Super. Ct. Law Div.).

for the period of July 1, 1972 to July 1, 1980 from ZAIC with similar personal injury and excess liability coverage. As stipulated by the parties, endorsements to these policies have excess coverage limits between fifteen and twenty-five million dollars. ECF No. 79 ¶ 7. For purposes of this order, the relevant portions of these policies are as follows:

(1) Coverage for "all sums":

> Zurich will pay on behalf of the insured *all sums* which the insured shall become legally obligated to pay as damages because of … personal injury … to which this insurance applies.
> ECF No. 79-2 at 4; ECF No. 79-3 at 4 (emphasis added).

(2) Limiting language:

> This insurance applies only to bodily injury or property damage which *occurs during the policy period*.
> *Id.* (emphasis added).

(3) Required contribution from other applicable insurance policies:

> When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, Zurich shall not be liable under this policy for a greater proportion of the loss than stated in the applicable contribution provision below:
>
> > (A) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, Zurich shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid.
> > ECF No. 79-2 at 20; ECF No. 79-3 at 19.

Beginning July 1, 1980 and continuing for the next seventeen consecutive years, A-B was insured by INA under Policy No. ISG 1065 for bodily injury liability. Similar to the ZAIC policies, the INA policy includes:

    (1) Coverage for "all sums":

> The Company will pay on behalf of the insured *all sums* which the insured shall become legally obligated to pay as damages because of personal injury, property damage or advertising offense to which this policy applies.
> ECF No. 79-4 at 4 (emphasis added).

    (2) Limiting language:

> This insurance applies only to Personal Injury or Property Damage which *occurs during the policy period*.
> ECF No. 79-4 at 15 (emphasis added).

However, unlike the ZAIC policies, the INA policy includes:

    (3) An "asbestos exclusion" that began July 1, 1989 and the parties stipulate bars liability for INA past that date.
    ECF No. 79 at ¶ 9.

    (4) A "pollution exclusion" that excludes coverage for:

> bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water.
> ECF No. 79-4 at 8.

    (5) "Deductible endorsements" that specify an annual deductible amount of $250,000 from July 1, 1980, to July 1, 1986, and $1 million from July 1, 1986, to July 1, 1989.
    ECF No. 79-5.

Insurers ZAIC and INA admit that they consecutively insured A-B during the July 1971 to July 1996 period of alleged asbestos exposure, and that the underlying asbestos claim falls within their policies' personal and bodily injury coverages. Because ZAIC paid the entire settlement and defense costs, it filed this suit seeking contribution or recoupment from INA and A-B.

## II. Procedural Background

*November 2016 Summary Judgment Order*

In their summary judgment motions, the parties disputed the proper method of allocating the settlement loss among insurers. A-B asserted that an "all sums" approach was appropriate, making targeted-insurer ZAIC responsible for the full settlement amount. Conversely, both ZAIC and INA argued for a "pro rata" allocation based on each insurer's time-on-the-risk. INA also argued it had no liability for the loss because (1) under a pro rata allocation, any amount that would be apportioned to its policies on an annual basis would be less than the annual deductible amount; and (2) the pollution exclusion in its policies bars coverage of the asbestos claim. All parties agreed that Missouri law applied in interpretation of the insurance policies.

I found that there were conflicting state court opinions on analogous issues but that no Missouri case had directly ruled this issue of policy interpretation in the context of asbestos exposure. I predicted that the Missouri Supreme Court would

allocate the settlement and costs between consecutive insurers ZAIC and INA based on the amount of time each insurer provided liability insurance to A-B during the exposure period. I relied on what I considered the most reasonable analogous cases to reach this conclusion: *Continental Casualty Co. v. Medical Protective Co.*, 859 S.W.2d 789 (Mo. Ct. App. 1993) (pro rata allocation between consecutive insurers in case where dental negligence occurred over twenty-year period), and *Nationwide Insurance Co. v. Central Missouri Electric Cooperative, Inc.*, 278 F.3d 742 (8th Cir. 2001) (apportioning insurers' liability based on time-on-the-risk because damages occurred over time).

Under the time-on-the-loss pro rata approach, INA's share of the loss for each year of its coverage was less than the INA policies' annual deductible amount. I concluded that equity would not require INA to pay ZAIC for periods that INA would not have had to pay A-B if A-B had target-tendered INA. I therefore granted INA's motion for summary judgment and denied ZAIC's requests for equitable contribution. I never reached INA's alternate argument that the pollution exclusion in its policies bars coverage.

On summary judgment A-B made the same arguments that it made at the bench trial: (1) ZAIC's insurance policy requires payment of "all sums," therefore no contribution or pro rata claim exists against A-B, (2) the relationship between the parties is contractual so ZAIC has no right to judicially created equitable

– 8 –

remedies that exist only between insurers, (3) ZAIC never reserved its right to seek contribution from A-B when it paid the $1.5 million settlement, and (4) equitable contribution and unjust enrichment claims make no sense against A-B in this situation. I rejected these arguments because I found the pro rata allocation approach applied.

*Bench Trial with ZAIC and A-B*

A one-day bench trial was held on November 28, 2017, between remaining parties ZAIC and A-B, wherein both parties presented evidence on ZAIC's claim for equitable contribution from A-B. ZAIC argued for a fifty percent (50%) apportionment of the settlement and defense costs between the parties. A-B asserted that ZAIC had not reserved its rights of contribution in equity, and argued the affirmative defenses of estoppel, waiver, and unclean hands. A-B also asserted that *Nooter* supported its "all sums" argument and its argument that ZAIC could only seek contribution from INA, not from A-B. ZAIC informed the Court that it would file a motion to reconsider my grant of summary judgment to INA, and it has now done so.

### III. Discussion

As mentioned above, just a few weeks before the bench trial, the Missouri Court of Appeals issued a decision in a case directly on point. In *Nooter Corp. v. Allianz Underwriters Ins. Co.*, 536 S.W.3d 251 (Mo. Ct. App. 2017), the court

considered an allocation dispute between an insured and its eight excess insurers, concerning the insurers' obligations to indemnify and/or defend the insured in asbestos-related bodily injury claims. The Missouri court discussed how "long-tail" claims (such as asbestos claims) are more complicated because of continuous or escalating damages over a range of time. The court noted that these cases lack a universal approach to allocation, or "how losses are divided amongst the insured and its insurers." *Id.* at 264. The court described the two common methods of loss allocation as: (1) the "all sums" approach that "allows the policyholder to select a policy among the range of years triggered by the 'occurrence' at issue," thereby placing the "onus on the targeted insurer rather than on the policyholder," and (2) the "pro-rata" approach where "damages are spread proportionately across the entire period during which the property damage takes place." *Id.* at 264-65 (internal citations omitted).

The Missouri court found two categories of language in the insurance policies relevant to the proper allocation method:

> (1) some type of "all sums" language ("all sums," "the sum," "the sums," or "the total sum") and (2) language limiting losses or occurrences to a particular policy period ("during the [policy] period," "while this policy is in force," "occurring during the policy period," "coming within the terms and limits of this [policy]," etc.).

*Id.* at 266 (bracketed language in the original).

According to the Missouri court, under the "all sums" allocation method, "each triggered insurer is liable for the insured's entire loss, even though the injury giving rise to liability may have begun before, and continued after, the insurer's policy period. One insurer pays the entire loss and then may seek contribution from other triggered insurers under the common-law doctrine of contribution or pursuant to each policy's 'other insurance' clause." *Id.* at 264-65, 265 n.15 (quoting *Arco Industries Corp. v. American Motorists Ins. Co.*, 594 N.W.2d 61, 68 (Mich. Ct. App. 1998)).

ZAIC now requests that the court reconsider and set aside its November 2016 Order based on Rule 54(b), Fed. R. Civ. P., and the intervening developments in Missouri law on loss allocation from *Nooter*. ZAIC relies on *Nooter's* discussion of an insurer's right to "seek contribution from other triggered insurers," to argue that I should reconsider my dismissal of INA from this case. INA opposes reconsideration and contends that the legal standard for a motion to reconsider cannot be met because ZAIC "does not argue that there was any manifest error of fact and offers no newly discovered evidence." ECF No. 181 at 3 (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). I disagree. Under Rule 54(b), because final judgment has not yet been entered in this case, I have the discretionary authority to review and set aside my

interlocutory summary judgment ruling. Doing so is in the interests of justice in this case because of *Nooter's* intervening clarification of Missouri insurance law.

Based on *Nooter*, I find that the Missouri Supreme court would apply an "all sums" method to allocate the settlement loss here between insured A-B and targeted-insurer ZAIC. Under that method, targeted-insurer ZAIC is liable for insured A-B's entire loss and may seek contribution from other triggered insurers. Because my November 2016 Order dismissing INA incorrectly applied a "pro rata" allocation method to apportion the loss across the entire period of asbestos exposure, justice requires that it be set aside. My November 2016 Order will be vacated to the extent it denies A-B and ZAIC's motions for summary judgment, and grants INA's motion.

A-B argues that ZAIC's equitable claims against it must be denied because the requirement that ZAIC pay "all sums" is part of the contract between ZAIC and A-B, and that a party cannot avoid a contractual obligation by seeking equitable contribution. I agree. ZAIC paid the loss and may now seek contribution from "other triggered insurers," but it has no claim for recovery from A-B. *Nooter* forecloses any recoupment by targeted-insurer ZAIC from its insured A-B, because ZAIC is liable for the "entire loss." *Nooter*, 536 S.W.3d at 265 n.15. Equitable contribution and subrogation are appropriate remedies where fairness dictates it.

There is no unfairness here between ZAIC and A-B because the "all sums" contract requires ZAIC to cover the entire loss.

I agree with A-B that *Heartland Payment Systems, LLC v. Utica Mutual Insurance Co.*, 185 S.W.3d 225 (Mo. Ct. App. 2006), supports this conclusion. Heartland, a credit card processing center, filed claims on two insurance policies issued by different insurers. Both policies provided coverage for loss of unrecoverable chargebacks. Unsatisfied with how the claims were handled, Heartland filed suit against both insurers – eventually settling with one insurer but going to trial against the other. *Id.* at 227-30. The Missouri appellate court found that both insurers' policies covered the same risk and contained similar "other insurance" clauses. Under those circumstances, the Court disregarded both "other insurance" clauses and prorated the losses between the two insurers in proportion to the amount of coverage of their respective policies. *Id.* at 230-31. Because the insurance companies had concurrent coverage (as opposed to consecutive as we have here), this was a pro rata allocation. But the principle adopted by the Court was clear: the allocation among insurers "has no bearing upon the insurers' obligation *to the policyholder*. The insurers' obligation to the policyholder is to cover the full extent of the policyholder's liability, up to the policy limits." *Id.* at 232 (emphasis added). The trial court had properly excluded evidence of concurrent coverage and settlement with the second insurer, in the trial against the

first insurer, even though that forced the first insurer to pay more than its share of the loss, because "allocation among insurers … must be distinguished from the insurer's relationship with its insured." *Id.* at 232. "A pro-rata allocation among insurers does not reduce their respective obligations to their insured." *Id.* (quoting *Dart Indus., Inc. v. Commercial Union Ins. Co.*, 52 P.3d 79, 87 (Cal. 2002)).

Both *Heartland* and *Nooter* require ZAIC to be held responsible to A-B for the full extent of A-B's loss in the underlying asbestos suit. Whether or not ZAIC obtains contribution from INA does not change ZAIC's obligation to A-B. Missouri law does not allow an insurer such as ZAIC to avoid its obligations under the policy to its insured, and so ZAIC cannot seek equitable contribution from A-B for any period of the underlying asbestos injury, including: any period where A-B was uninsured, where insurer ZAIC was not on the risk, or where no insurer-insured relationship existed between ZAIC and A-B. No matter what portion of the settlement and defense costs may or may not ultimately be apportioned to INA, ZAIC has no claim against its insured A-B. A-B's motion for summary judgment against ZAIC will be granted and A-B will be dismissed from this case.

Whether ZAIC can obtain contribution from INA remains an open question. INA contends that its obligation to A-B differs from ZAIC's obligation on the underlying asbestos claim because of the pollution exclusion and deductible endorsements in its policies. I will grant the requests of both ZAIC and INA to

further brief these issues in light of *Nooter* and the dismissal of insured A-B from this case.

VI. **Conclusion & Remaining Issues**

Missouri law requires an "all sums" allocation method to hold targeted-insurer ZAIC liable for the entire asbestos exposure loss incurred by its insured A-B. Justice requires that the interlocutory Order of November 2016 be vacated. Because *Nooter* holds that the targeted insurer is liable to its insured for the entire loss under an "all sums" policy, ZAIC is liable to its insured A-B for the entire amount of the settlement and defense costs, and it may not avoid its obligations under the contract through equitable contribution from the insured. A-B is entitled to judgment as a matter of law.

ZAIC has filed a Second Motion for Summary Judgment against INA. I previously granted INA's request to stay briefing on that motion until I had ruled on the Motion for Reconsideration. I will allow the remaining parties – insurers ZAIC and INA – to further brief the summary judgment issues between them in light of my ruling here.

Based on the foregoing,

**IT IS HEREBY ORDERED** that plaintiff Zurich American Insurance Company's motion to reconsider, set aside, and reopen the court's summary judgment order entered November 15, 2016, as to INA [#169] is **GRANTED in**

**part and DENIED in part**. My Memorandum and Order issued in this case on November 15, 2016, is **VACATED** as to everything except the grant of Pacific Employers Insurance Company's Motion to Dismiss Party Pursuant to Joint Stipulation [#85].

**IT IS FURTHER ORDERED** that Anheuser-Busch Companies, LLC's Motion for Summary Judgment [#80] is **GRANTED** as Anheuser-Busch Companies, LLC is entitled to judgment as a matter of law. ZAIC's claims against Anheuser-Busch Companies, LLC are dismissed.

**IT IS FINALLY ORDERED** that ZAIC may rely on the Second Motion for Summary Judgment previously filed, or, at its option, may file an amended second motion consistent with the findings in this ruling; INA may, of course, file an additional motion as well. The following schedule applies: additional motions for summary judgment by either party must be filed no later than **June 11, 2018**. Opposition briefs must be filed no later than **July 13 , 2018.** Any reply brief may be filed no later than **July 25 , 2018**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2018.